**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DENNY LEM QUIAC,

Petitioner,

v.

JEREMY CASEY, Facility Administrator at Imperial Regional Detention Facility, et al.,

Respondents.

Case No.: 26cv5794 DMS (GC)

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Petitioner asserts that after entering the United States and being released by immigration authorities he was re-detained in violation of his due process rights. Respondents filed a Return asserting Petitioner is subject to detention under 8 U.S.C. § 1226(a)(b), and therefore eligible for a bond hearing. They state Petitioner was scheduled for a bond hearing on October 19, 2026, therefore his Petition is moot.

Although Respondents identify the statutory basis for Petitioner's re-detention, and that he is entitled to a bond hearing under that statute, they fail to address the claim raised in the Petition, namely, that Petitioner was re-detained in violation of due process. Given the allegations surrounding that claim, which Respondents do not dispute, the Court agrees

with Petitioner that the proper remedy here is release, not a bond hearing. *See Galan v. LaRose*, Case No. 26cv1042 DMS (MSB), ECF No. 19 at 4, and *Alvarez Gallardo v. Attorney General*, Case No. 26cv2273 DMS (JLB), ECF No. 7 at 2-3. Accordingly, Respondents shall release Petitioner from custody forthwith, and shall not re-detain him without first providing a pre-deprivation hearing before a neutral decisionmaker at which Respondents must prove there are material, changed circumstances related to flight risk or danger to the community that warrant Petitioner's re-detention. The parties shall file a Joint Status Report within 72 hours of this Order's filing, confirming Petitioner has been released. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Dated: November 19, 2026

Hon. Dana M. Sabraw
United States District Judge